UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JINSONG HWANG and GREG SACHS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KEURIG DR PEPPER INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Jinsong Hwang and Greg Sachs ("Plaintiffs"), individually and on behalf of all other persons similarly situated, by and through their attorneys, make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to allegations specifically pertaining to themselves and their counsel, which are based on personal knowledge.

## NATURE OF THE ACTION

1. Mass. Gen. Laws ch. 149, § 19B(2)(b) requires all applications for employment within the Commonwealth to contain a notice of job applicants' and employees' rights concerning lie detector tests.

2. Despite this abundantly clear mandate, Defendant Keurig Dr Pepper Inc. ("Keurig" or "Defendant") does not provide such written notice of rights in their applications for jobs in Massachusetts.

3. Under Mass. Gen. Laws ch. 149, § 19B(4), persons aggrieved by a violation of Mass. Gen. Laws ch. 149, § 19B(2) have a private right of action for such violations, for injunctive relief and damages, including minimum statutory damages of $500 per violation.

4. Mass. Gen. Laws ch. 149, § 19B(4) also expressly authorizes class actions,

1

providing that a civil action may be brought by a person "in his own name and on his own behalf, or for himself and, for other[s] similarly situated."

5.  Thus, pursuant to Mass. Gen. Laws ch. 149, § 19B(4), Plaintiffs bring this action, on behalf of themselves and those similarly situated, to redress Defendant's violations of Mass. Gen. Laws ch. 149, § 19B(2)(b).

## PARTIES

6.  Plaintiff Jinsong Hwang is a citizen of Massachusetts who resides in Boston, Massachusetts. In or around January 9, 2025, while located in Massachusetts, Plaintiff Hwang applied online to work at Keurig's offices in Massachusetts. That application did not provide Plaintiff Hwang with notice of his rights concerning lie detector tests as required by Mass. Gen. Laws ch. 149, § 19B(2)(b).

7.  Plaintiff Greg Sachs is a citizen of Massachusetts who resides in Boston, Massachusetts. In or around April 18, 2024, while located in Massachusetts, Plaintiff Sachs applied online to work at Keurig's offices in Massachusetts. That application did not provide Plaintiff Sachs with notice of his rights concerning lie detector tests as required by Mass. Gen. Laws ch. 149, § 19B(2)(b).

8.  Defendant Keurig Dr Pepper Inc. is a Delaware corporation with its principal place of business at 6425 Hall of Fame Lane, Frisco, TX 75034. One of Defendant's main offices is located in Burlington, Massachusetts and is one of the largest employers in the Commonwealth. Defendant specifically targets Massachusetts residents for its job applications.

## JURISDICTION AND VENUE

9.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(a) because this case is a class action where the aggregate claims of all members of

the proposed class are in excess of $5,000,000.00 exclusive of interest and costs, there are over 100 members of the putative class, and at least one class member is a citizen of a state different than Defendant.

10. This Court has personal jurisdiction over Defendant because a substantial portion of the events that gave rise to Plaintiffs' claims occurred in Massachusetts.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events that gave rise to Plaintiffs' claims occurred in this District.

## FACTUAL BACKGROUND

12. On December 16, 1985, Massachusetts enacted 1985 Mass. Acts Chapter 587 introduced as HB 6908 and codified at Mass. Gen. Laws ch. 149, § 19B.

13. Mass. Gen. Laws ch. 149, § 19B(2)(b) provides:

> All applications for employment within the commonwealth shall contain the following notice which shall be in clearly legible print:
>
> "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability."

14. In plain violation of the law, Defendant does not provide such written notice of rights in the applications for its Massachusetts-based jobs.

15. On its website careers.keurigdrpepper.com, Defendant encourages job seekers to apply online for jobs in Massachusetts. Its online job application says nothing about lie detectors or otherwise informs job applicants of their rights under Mass. Gen. Laws ch. 149, § 19B(2)(b).

## CLASS REPRESENTATION ALLEGATIONS

16. Plaintiffs seek to represent a class of similarly situated individuals defined as all persons who applied for a Massachusetts-based position of employment with Defendant (the

3

"Class").  Subject to additional information obtained through further investigation and discovery, the above-described Class may be modified or narrowed as appropriate.

17.     Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the thousands.  The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

18.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to, whether Defendant's conduct as alleged herein violates Massachusetts law, including the provisions of Mass. Gen. Laws ch. 149, § 19B(2)(b); whether Plaintiffs and Class members are entitled to damages and if so, in what amount; and whether Plaintiffs and the other members of the Class are entitled to equitable relief, including but not limited to injunctive or declaratory relief.

19.     The claims of the named Plaintiffs are typical of the claims of the Class in that the named Plaintiffs applied for Massachusetts-based employment with Defendant.  In his application for employment with Defendant, Plaintiff—like the rest of the Class—was not furnished with a notice of rights required by Mass. Gen. Laws ch. 149, § 19B(2)(b).

20.     Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

21. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## CAUSES OF ACTION

### COUNT I
### Declaratory and Injunctive Relief

22. Plaintiffs incorporate by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

23. Absent injunctive relief, Defendant may continue to violate the law and infringe upon the rights of Massachusetts job applicants.

24. Plaintiffs ask this Court to declare Defendant's conduct unlawful and enjoin Defendant from using and disseminating job application materials that do not comply with Mass. Gen. Laws ch. 149, § 19B(2)(b).

### COUNT II
### Violation of M.G.L.A. 149, § 19B(2)(b)

25. Plaintiffs incorporate by reference and re-alleges each and every allegation set

forth above as though fully set forth herein.

26.     Massachusetts law explicitly requires that companies soliciting applications for employment include the following language on all Massachusetts job applications: "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment.  An employer who violates this law shall be subject to criminal penalties and civil liability."  Mass. Gen. Laws ch. 149, § 19B(2)(b).

27.     Defendant does not include this statutorily-required language in its Massachusetts job applications, including the job applications filled out by Plaintiffs and Class members.

28.     Pursuant to Mass. Gen. Laws ch. 149, § 19B(4), Plaintiffs and Class members seek statutory damages of not less than five hundred dollars per violation and reasonable attorney's fees and costs as a result of Defendant" violations of Mass. Gen. Laws ch. 149, 19B(2)(b).

**RELIEF DEMANDED**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

a.  For an order certifying the Class, naming Plaintiffs as representatives of the Class, and naming Plaintiffs' attorneys as Class Counsel to represent the Class;

b.  For an order declaring that Defendant's conduct violates the statute referenced herein;

c.  For an order finding in favor of Plaintiffs and the Class, on all counts asserted herein;

d.  For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.  For prejudgment interest on all amounts awarded;

f.  For an order of restitution and all other forms of equitable monetary relief;

g.  For an order enjoining Defendant from continuing the illegal practices detailed

6

  herein and compelling Defendant to undertake a corrective advertising campaign; and

h. For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury of all issues so triable.

Dated: July 10, 2025       **REARDON SCANLON LLP**

             By:  */s/ James J. Reardon, Jr.*
                James J. Reardon, Jr.

             James J. Reardon, Jr.
             45 South Main Street, 3rd Floor
             West Hartford, CT  06107
             Telephone: (860) 955-9455
             Facsimile:  (860) 920-5242
             E-mail:  james.reardon@reardonscanlon.com

             **ARISOHN LLC**
             Joshua D. Arisohn (to be admitted *pro hac vice*)
             94 Blakeslee Rd.
             Litchfield, CT 06759
             Telephone: (917) 656-0569
             Email: josh@arisohnllc.com

             *Attorneys for Plaintiff*